**PLOTHOW, Plaintiff-Appellant, v. GENERAL MOTORS CORPORATION, FRIGIDAIRE DIVISION, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2270.   Decided April 2, 1954.

Strother B. Jackson, Dayton, for plaintiff-appellant.
Cowden, Pfarrer & Crew, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Court of Common Pleas rendered pursuant to the verdict of a jury adverse to the plaintiff-appellant and in favor of the defendant-appellee. The action was one for personal injuries arising under the Workmen's Compensation Law of Ohio, and was submitted on the issues raised by the pleadings and the evidence contained in a transcript of the record made on the hearing before the Commission. An examination of the same discloses that the appellant suffered an injury to her left arm on October 10, 1945, while in the course of her employment; that on said date she was working for the appellee and that as she was going into the rest room some one came out and she caught her left arm between the locker and the door; that this incident was reported to her foreman who sent her to the medical department for treatment. Claim for compensation was filed on March 12, 1946, which was disallowed on July 2, 1947. A rehearing was had and the claim was again denied for the reason "that the claimant has failed to prove by the preponderance of the evidence that her disability was the result of an injury sustained in the course of and arising out of employment with the employer named." The appellant concedes in her brief that "the main questions raised herein are factual," but is urging that because the jury sought further instructions from the court as to the definition of "proximate cause," that it is apparent that the jury was confused. We can reach no such conclusion from our examination of the record. Juries quite frequently return for further instructions. The record reveals on page 18 of the court's charge that when the jury returned the forelady said:

"This statement, we don't understand this one word, we don't knew

the meaning of 'proximately.' What does it mean? It isn't approximately, it is proximately."

In response to this question the court answered:

"The term is meant: 'that cause which in a natural and continued sequence contributes to produce the result, without which said result would not have happened. Proximate cause is used in law as distinguished from remote cause, and by "remote cause" is meant "that cause which may have happened and yet no injury have occurred." Now the Court will further give the definition of the word "proximate" as it is defined in Webster's Dictionary: "Very near or close, as in space, time, order, meaning; often, nearest; next immediately preceding or following, as in a chain of causes or effects." Now the word that you are looking at, the word "proximate," that is used in that sense as an adverb.'

* * * * *

"THE COURT: 'The proximate cause of an event is the direct power which produces the event without the intervention of any other independent or self-operating cause, and without which the event or the disability occurring to the plaintiff, if any, would not have happened.'

" 'If you should find that she did not suffer such an injury on October 10, 1945, or if you should find that she did suffer such an injury on that date but that such injury did not directly and proximately cause the disability which she claims, then your verdict should be for the defendant.'

"Now what that means, in the language I would say of the layman, is that if you find there was an injury, you will then proceed to find if the present disability is the result, direct result of that injury. In other words, the injury produced the present disability. In other words, that injury itself proximately contributed or produced the disability which the plaintiff claims. Now without this injury the people would not be in court; it stems from the accident, the injury, that follows, then the disability which is now claimed by the plaintiff as a result of the accidental injury. You must find that the injury proximately produced, proximately produced, the disability. Put it this way, without the accidental injury there would be no disability. In other words, that accidental injury, if you should find there was an accidental injury as claimed, then the condition today is a continuation, that the accidental injury is the proximate cause for the disability. On that there should be no speculation, but that should be arrived at from the evidence that there is a probability that the injury, if any, proximately produced the present condition. On that score, I might be able to give you one word that might clear it up for you: 'Proximate cause is the real cause.' In other words, what is the real proximate of the present condition."

We think the verdict is sustained by the evidence, for there was a conflict in the testimony as to whether or not the appellant was suffering from any disability whatsoever and also, if she were, there was a conflict in the medical testimony as to the cause of the same, those for the appellee testifying that there was no causal connection between the alleged injury and the appellant's alleged disability, while those for the appellant were contra to this.

It is our conclusion that the judgment is neither contrary to law nor against the manifest weight of the evidence and it will, therefore, be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.